70,616-05

Dated: 2-13-15

Trenton Le Troy Jackson
TDC No. # 1231590
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

Mr. Abel Acosta, Clerk
Court of Criminal Appeal
P. O. Box 12308, Captil Station
Austin, Texas 78711

Re: JACKSON, Trenton Le Troy
    CCA No. WR-70,616-05
    Trial Court Case No. 98189-B
    (Delay Writ letter)

Dear Mr. Acosta, Clerk:

On **October 23, 2013**, this Court of Criminal Appeal issue an order (Opinion) requesting that the District Judge of the 185th Judicial District Court to make findings of fact and conclusion of law as to:

**whether the performance of applicant's trial counsel was deficient for note retaining a medical expert and, if so, whether counsel's deficient performance prejudiced applicant;**

**whether applicant has shown he is actually innocent of the offense; and**

**whether these claim are barred by article 11.07, Section 4, of the Code of Criminal Procedure or meet an exception that allows for their consideration.**

The trial court shall also make any other findings of fact and conclusion of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus.

This **opinion** was issued **on October 23, "2013" two years ago.** I understand to gain more time, the court must enter an order extending the statutory time limits a practice condemned in. McCree v. Hampton, 824 S.W. 2d. 578 (Tex. Cr. App. 1992). However, that case sets out a method whereby the trial court can either on motion of the State or its own initiative, gain more time to investigate the allegations raised within a writ application.

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 17 2015
Abel Acosta, Clerk

-1-

If the trial court selects this option _but fails to notify the Court of Criminal Appeal_ and enquiry is made to the Court without mention of the previously entered order designating issue a "delayed writ letter" may well be sent to the trial court with copies to the district clerk and the district attorney enquiring into the alleged delay.

By copy of this letter, I am forwarded a copy of the same to all the persons listed below.

Thank you for your time and consideration in this matter.

Sincerely,

TRENTON Le TROY JACKSON

files
cc: Presiding Judge
185th District Court
1201 Franklin, Rm. 17136
Houston, Texas 77002

Mr. Chris Daniel
District Clerk
Harris County District Clerk
P. O. Box 4651
Houston, Texas 77210-4651

District Attorney
600 Criminal Justice Center
1201 Franklin St.
Houston, Texas 77002



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-70,616-05

### EX PARTE TRENTON LE TROY JACKSON, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 981891-B IN THE 185TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam.*

### ORDER

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The conviction was affirmed on direct appeal. *Jackson v. State*, No. 14-04-00377-CR (Tex. App.—Houston [14th Dist.] Oct. 6, 2005).

Applicant was convicted of intentionally causing a head injury to his daughter that caused her death. He claims that he is actually innocent, and he also contends that his trial counsel rendered ineffective assistance when he failed to retain a medical expert to testify at trial. With his writ application, Applicant attaches statements from two physicians who indicate that they have reviewed

court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 23, 2013
Do not publish